MDR

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nathan Sterling Mason,<br><br>　　　　　　Petitioner,<br><br>v.<br><br>David Shinn, et al.,<br><br>　　　　　　Respondents. | No.　CV 21-08035-PCT-DGC (MHB)<br><br>**ORDER** |

On February 19, 2021, Petitioner Nathan Sterling Mason, who is confined in the Arizona State Prison Complex-Lewis in Buckeye, Arizona, filed a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) and an Application to Proceed In Forma Pauperis. In a February 25, 2021 Order, the Court denied the deficient Application to Proceed and gave Petitioner thirty days to either pay the filing fee or file a complete Application to Proceed In Forma Pauperis.

On March 15, 2021, Petitioner paid the filing fee. The Court will require an answer to Ground One of the Petition and will dismiss Ground Two as duplicative.

**I.　Petition**

Petitioner was convicted in Navajo County Superior Court, case #CR2016-00063, of promoting prison contraband and was sentenced to a 4.5-year term of imprisonment. Petitioner names David Shinn as Respondent and the Arizona Attorney General as an Additional Respondent. Petitioner raises two grounds for relief.

. . . .

TERMPSREF

In Ground One, Petitioner contends he was denied his rights to due process and equal protection, asserting that the state court "refused to rule on a single motion allowing development of the facts in this case which 100% would have aided a justification defense." He alleges that "[p]rior to discovery [at] a 609 hearing[,] the judge stated there will not be a point in this case where [he would] give a jury direction for justification." Petitioner also contends he was "repeatedly uprooted and transferred across the state whilst being bullied with a plea . . . which le[]d him to accept 4.5 [years in prison]."

In Ground Two, Petitioner claims the same facts discussed in Ground One also constitute a "fundamental miscarriage of justice."

Petitioner claims he presented these issues to the Arizona Court of Appeals. Because Ground Two is duplicative of Ground One, the Court will dismiss it. The Court will require Respondents to answer Ground One of the Petition. 28 U.S.C. § 2254(a).

## II. Warnings

### A. Address Changes

Petitioner must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Petitioner must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### B. Copies

Because Petitioner is currently confined in an Arizona Department of Corrections unit subject to General Order 14-17, Petitioner is not required to serve Respondents with a copy of every document he files or to submit an additional copy of every filing for use by the Court, as would ordinarily be required by Federal Rule of Civil Procedure 5 and Local Rule of Civil Procedure 5.4. Petitioner may comply with Federal Rule of Civil Procedure 5(d) by including, with every document he files, a certificate of service stating that this case is subject to General Order 14-17 and indicating the date the document was delivered to prison officials for filing with the Court.

. . . .

If Petitioner is transferred to a unit other than one subject to General Order 14-17, he will be required to: (a) serve Respondents, or counsel if an appearance has been entered, a copy of every document that he files, and include a certificate stating that a copy of the filing was served; and (b) submit an additional copy of every filing for use by the Court. *See* Fed. R. Civ. P. 5(a) and (d); LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Petitioner.

### C.     Possible Dismissal

If Petitioner fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     The Clerk of Court must serve a copy of the Petition (Doc. 1) and this Order on the Respondent(s) and the Attorney General of the State of Arizona by electronic mail pursuant to Rule 4, Rules Governing Section 2254 Cases, and the Memorandum of Understanding between the United States District Clerk of Court for the District of Arizona and the Arizona Attorney General's Office.  Pursuant to the Memorandum of Understanding, copies of the Petition and this Order will be sent via Notice of Electronic Filing (NEF) to the State of Arizona Respondent through the Attorney General for the State of Arizona to designated electronic mail addresses.  Within 2 business days, the Attorney General's Office will acknowledge receipt of the Petition and the Court's Order and within 5 business days will either file a notice of appearance on behalf of Respondents or will notify the Court of the names of the Respondents on whose behalf the Arizona Attorney General's Office will not accept service of process.

(2)     Ground Two of the Petition is **dismissed as duplicative**.  Respondents must answer Ground One of the Petition within 40 days of the date of service.  Respondents must not file a dispositive motion in place of an answer.  Respondents may file an answer that (a) is limited to relevant affirmative defenses, including, but not limited to, statute of

limitations, procedural bar, or non-retroactivity; (b) raises affirmative defenses as to some claims and discusses the merits of others; or (c) discusses the merits of all claims. The failure to set forth an affirmative defense regarding a claim in an answer may be treated as a waiver of the defense as to that claim, *Day v. McDonough*, 547 U.S. 198, 209-11 (2006), but an answer that is limited to affirmative defenses on a particular claim does not waive any argument on the merits as to that claim. If the answer only raises affirmative defenses, only those portions of the record relevant to those defenses need be attached to the answer. If not, the answer must fully comply with all of the requirements of Rule 5 of the Rules Governing Section 2254 Cases.

(3) Regarding courtesy copies of documents for chambers, Respondents are directed to review Section II(D) of the Court's Electronic Case Filing Administrative Policies and Procedures Manual, which requires that "a courtesy copy of the filing, referencing the specific document number, **shall be printed directly from CM/ECF**." CM/ECF Admin. Man. § II(D)(3) (emphasis added). *See* http://www.azd.uscourts.gov/sites/default/files/documents/adm%20manual.pdf.

(4) Petitioner may file a reply within 30 days from the date of service of the answer.

(5) This matter is referred to Magistrate Judge Michelle H. Burns pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and recommendation.

Dated this 24th day of March, 2021.

David G. Campbell
Senior United States District Judge

**TERMPSREF**

- 4 -