IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nathan Sterling Mason,<br><br>    Petitioner,<br><br>v.<br><br>David Shinn, et al.,<br><br>    Respondents. | No. CV 21-08035-PCT-DGC (MHB)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE DAVID G. CAMPBELL, UNITED STATES DISTRICT COURT:

On February 19, 2021, Petitioner Nathan Sterling Mason, who is confined in the Arizona State Prison Complex-Lewis in Buckeye, Arizona, filed a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). Respondents filed a Limited Answer (Doc. 24). Petitioner has not filed a reply.

## BACKGROUND

On October 30, 2017, pursuant to a plea agreement, Petitioner was convicted in Navajo County Superior Court, case #CR2016-00063, of possession of prison contraband and was sentenced to a 4.5-year term of imprisonment. (Doc. 6; Doc. 10, Exhs. A, B, D.)

Petitioner, through counsel, filed a timely notice and petition for post-conviction relief (PCR), claiming that he was entitled to additional presentence incarceration credit. (Exhs. K, M, N.) The superior court dismissed the PCR petition and denied relief. (Exh. O.) Petitioner subsequently filed a notice of appeal of the dismissal of his PCR petition.

(Exhs. P, Q.) However, on October 1, 2018, the Arizona Court of Appeals dismissed review finding that Petitioner had failed to file a compliant petition for review or a request for an extension of time to do so. (Exh. T.) The Arizona Supreme Court denied Petitioner's petition for review of the appellate court's dismissal on March 13, 2019. (Exhs. U, V, W, X.)

On June 28, 2020, Petitioner filed another notice and PCR petition alleging newly discovered material facts. (Exhs. Z, AA.) The superior court dismissed the PCR petition on November 10, 2020, finding that "[b]ecause Defendant was aware of the facts necessary to potentially raise a necessity defense at the time of sentencing, they are not newly discovered and cannot be advanced in order to set aside the plea agreement in this case." (Exh. DD.) The Court of Appeals denied Petitioner's subsequent attempt to appeal the superior court's denial of his requests for appointed counsel, an evidentiary hearing, and a reduced sentence. (Exh. FF.)

In his habeas petition, Petitioner raises one ground for relief. Petitioner contends he was denied his rights to due process and equal protection, asserting that the state court "refused to rule on a single motion allowing development of the facts in this case which 100% would have aided a justification defense." He alleges that "[p]rior to discovery [at] a 609 hearing[,] the judge stated there will not be a point in this case where [he would] give a jury direction for justification." Petitioner also contends he was "repeatedly uprooted and transferred across the state whilst being bullied with a plea . . . which le[]d him to accept 4.5 [years in prison]."

**DISCUSSION**

In their Answer, Respondents contend that Petitioner's habeas petition is untimely and, as such, must be denied and dismissed.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. See 28 U.S.C. § 2244(d)(1). The statute provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

An "of-right" petition for post-conviction review under Arizona Rule of Criminal Procedure 32, which is available to criminal defendants who plead guilty, is a form of "direct review" within the meaning of 28 U.S.C. § 2244(d)(1)(A). See Summers v. Schriro, 481 F.3d 710, 711 (9th Cir. 2007). Therefore, the judgment of conviction becomes final upon the conclusion of the Rule 32 of-right proceeding, or upon the expiration of the time for seeking such review. See id.

Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period. 28 U.S.C. § 2244(d)(2); see Lott v. Mueller, 304 F.3d 918, 921 (9th Cir. 2002). A post-conviction petition is "clearly pending after it is filed with a state court, but before that court grants or denies the petition." Chavis v. Lemarque, 382 F.3d 921, 925 (9th Cir. 2004). A state petition that is not filed, however, within the state's required time limit is not "properly filed" and, therefore, the petitioner is not entitled to statutory tolling. See Pace v. DiGuglielmo, 544 U.S. 408, 413

(2005). "When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." Id. at 414.

In Arizona, post-conviction review is pending once a notice of post-conviction relief is filed even though the petition is not filed until later. See Isley v. Arizona Department of Corrections, 383 F.3d 1054, 1056 (9th Cir. 2004). An application for post-conviction relief is also pending during the intervals between a lower court decision and a review by a higher court. See Biggs v. Duncan, 339 F.3d 1045, 1048 (9th Cir. 2003) (citing Carey v. Saffold, 536 U.S. 214, 223 (2002)). However, the time between a first and second application for post-conviction relief is not tolled because no application is "pending" during that period. See id. Moreover, filing a new petition for post-conviction relief does not reinitiate a limitations period that ended before the new petition was filed. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003).

The statute of limitations under the AEDPA is subject to equitable tolling in appropriate cases. See Holland v. Florida, 560 U.S. 631, 645-46 (2010). However, for equitable tolling to apply, a petitioner must show "'(1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstances stood in his way'" and prevented him from filing a timely petition. Id. at 2562 (quoting Pace, 544 U.S. at 418).

The Court finds that Petitioner's Petition for Writ of Habeas Corpus is untimely. On October 30, 2017, the trial court sentenced Petitioner pursuant to the terms set forth in the plea agreement. Thereafter, Petitioner filed a timely notice and PCR petition, and the superior court summarily denied the petition on May 16, 2018. Petitioner then attempted to seek review in the Arizona Court of Appeals, but failed to comply with the Arizona Rules of Criminal Procedure. Although the record indicates that the Court of Appeals gave Petitioner multiple extensions to file a compliant petition for review, he failed to do so, and the appellate court dismissed the proceedings on October 1, 2018. The Arizona Supreme Court denied Petitioner's request for review of that dismissal on March 13, 2019. The record reflects that Petitioner did not seek further review.

Thus, Petitioner's case became final and the statute of limitations began running on June 11, 2019 – ninety days after the Arizona Supreme Court denied review. See 28 U.S.C. § 2244(d)(1)(A); Bowen v. Roe, 188 F.3d 1157, 1158–59 (9th Cir. 1999) (the period of "direct review" under § 2244(d)(1)(A) includes the 90-day period within which the petitioner could have filed a petition for a writ of certiorari to the Supreme Court). Petitioner was required to initiate habeas proceedings on or before June 11, 2020. Petitioner, however, filed his habeas petition on February 19, 2021 – over eight months after the limitations period expired. Absent any tolling, his habeas petition untimely. See United States v. Marcello, 212 F.3d 1005, 1010 (7th Cir. 2000) (federal habeas petition submitted one day late was properly dismissed as untimely under AEDPA, noting that a "missed" deadline "is not grounds for equitable tolling"); Hartz v. United States, 419 Fed.Appx. 782, 783 (9th Cir. 2011) (unpublished) (affirming dismissal of federal habeas petition where petitioner "simply missed the statute of limitations deadline by one day").

Petitioner's commencement of his second PCR proceeding on June 28, 2020, did not toll the limitations period. The proceedings were filed after the limitations period had expired, and, therefore, did not toll the limitations period. See Ferguson, 321 F.3d at 823 ("[S]ection 2244(d) does not permit the re-initiation of the [federal 1-year] limitations period that has ended before the state petition was filed.").

The Ninth Circuit recognizes that the AEDPA's limitations period may be equitably tolled because it is a statute of limitations, not a jurisdictional bar. See Calderon v. United States Dist. Ct. (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997), overruled in part on other grounds by Calderon v. United States Dist. Ct. (Kelly), 163 F.3d 530, 540 (9th Cir. 1998). Tolling is appropriate when "'extraordinary circumstances' beyond a [petitioner's] control make it impossible to file a petition on time." Id.; see Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002) (stating that "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule") (citations omitted). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate."

Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). A petitioner seeking equitable tolling must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace, 544 U.S. at 418. Petitioner must also establish a "causal connection" between the extraordinary circumstance and his failure to file a timely petition. See Bryant v. Arizona Attorney General, 499 F.3d 1056, 1060 (9th Cir. 2007).

Although Petitioner has not filed a reply brief, in his habeas petition Petitioner attempts to explain his untimeliness by claiming newly discovered evidence. Petitioner states "this courts factual findings regarding petitioner verbatim facts for which the state court refused to develop to allow me to present evidence to defend myself." The Court assumes that Petitioner is referring to the same evidence presented by Petitioner and addressed by the superior court in its November 10, 2020 order dismissing his second PCR petition. In its order, the court stated:

> Here, Defendant argues that an order in a federal court case constitutes newly discovered evidence. This argument fails. The facts that make up the underlying basis for the order existed at the time Defendant entered into his guilty plea. Defendant argues because the order was not issued until April 2020, it constitutes newly discovered evidence.
>
> Because the facts that make up the federal lawsuit and the district court's subsequent order are based on events within Defendant's personal knowledge that occurred prior to the entry of his guilty plea, Defendant was unquestionably aware of them at the time of sentencing. Defendant essentially argues in the Petition that his possession of a dangerous instrument or deadly weapon was necessary due to the Department of Corrections improperly denying him protective custody.
>
> A review of the record reveals that the State was aware of this potential defense because it filed a motion to preclude Defendant from raising such a defense. Although that motion was not raised, it conclusively establishes that Defendant was aware of the facts that form the basis for the district court's order at the time of sentencing in this matter.

(Exh. DD.) Thus, according to the record before the Court, Petitioner has failed to demonstrate any newly discovered evidence. Moreover, Petitioner has failed to demonstrate much less argue that he has been pursuing his rights diligently, and that some extraordinary circumstance stood in his way. And, petitioner's pro se status, indigence, limited legal resources, ignorance of the law, or lack of representation during the applicable filing period do not constitute extraordinary circumstances justifying equitable tolling. See, e.g., Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) ("[A] pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling."). Accordingly, Petitioner is not entitled to any tolling and his habeas petition is untimely.

Furthermore, the Court also finds that Petitioner's habeas claim is procedurally defaulted.

The Court may only grant federal habeas relief on the merits of a claim which has been "properly" exhausted in the state courts. See O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Coleman v. Thompson, 501 U.S. 722, 729-30 (1991). To properly exhaust a federal habeas claim, the petitioner must afford the state courts the opportunity to rule upon the merits of the claim by "fairly presenting" the claim to the state's "highest" court in a procedurally correct manner. See, e.g., Castille v. Peoples, 489 U.S. 346, 351 (1989); Rose v. Palmateer, 395 F.3d 1108, 1110 (9th Cir. 2005). In non-capital cases arising in Arizona, the "highest court" test is satisfied if the habeas petitioner presented his claim to the Arizona Court of Appeals. See Swoopes v. Sublett, 196 F.3d 1008, 1010 (9th Cir. 1999); Date v. Schriro, 619 F. Supp. 2d 736, 762-63 (D. Ariz. 2008).

To fairly present a claim in the state courts, thereby exhausting the claim, the petitioner must present to the state courts the "substantial equivalent" of the claim presented in federal court. See Picard v. Connor, 404 U.S. 270, 278 (1971); Libberton v. Ryan, 583 F.3d 1147, 1164 (9th Cir. 2009). Full and fair presentation requires a petitioner to present the substance of his claim to the state courts, including a reference to the operative federal constitutional guarantee relied on by the petitioner and a statement the

facts supporting the claim. See Scott v. Schriro, 567 F.3d 573, 582 (9th Cir. 2009).

The record reflects that Petitioner never raised the claim he now raises on habeas in any of his state court PCR proceedings. As such, Petitioner failed to fairly present his claim. Failure to fairly present this claim has resulted in the procedural default of the claim because Petitioner is now barred from returning to state court. See Ariz.R.Crim.P. 33.1, 33.2, 33.4.

Although a procedural default may be overcome upon a showing of cause and prejudice or a fundamental miscarriage of justice, see Coleman, 501 U.S. at 750-51, Petitioner failed to file a reply, and has not established that any exception to procedural default applies. And, his status as an inmate, lack of legal knowledge, and limited legal resources do not establish cause to excuse the procedural default. See Hughes v. Idaho State Bd. of Corr., 800 F.2d 905, 909 (9th Cir. 1986) (an illiterate pro se petitioner's lack of legal assistance did not amount to cause to excuse a procedural default); Tacho v. Martinez, 862 F.2d 1376, 1381 (9th Cir. 1988) (petitioner's reliance upon jailhouse lawyers did not constitute cause). Accordingly, Petitioner has not shown cause for his procedural default.

Further, Petitioner has also not established a fundamental miscarriage of justice. A federal court may review the merits of a procedurally defaulted claim if the petitioner demonstrates that failure to consider the merits of that claim will result in a "fundamental miscarriage of justice." Schlup, 513 U.S. at 327. The standard for establishing a Schlup procedural gateway claim is "demanding." House v. Bell, 547 U.S. 518, 538 (2006). The petitioner must present "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial." Schlup, 513 U.S. at 316. Under Schlup, to overcome the procedural hurdle created by failing to properly present his claims to the state courts, a petitioner "must demonstrate that the constitutional violations he alleges ha[ve] probably resulted in the conviction of one who is actually innocent, such that a federal court's refusal to hear the defaulted claims would be a 'miscarriage of justice.'" House, 547 U.S. at 555-56 (quoting Schlup, 513 at 326, 327). To meet this standard, a petitioner

must present "new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial." Schlup, 513 U.S. at 324. The petitioner has the burden of demonstrating that "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." Id. at 327. As an excuse, Petitioner claims new evidence, which this Court again assumes that Petitioner is referring to the same evidence presented by Petitioner and addressed by the superior court in its November 10, 2020 order. The record conclusively establishes that Petitioner was aware of this "new evidence" before sentencing and, as such, is not "new reliable evidence" to establish a sufficient showing of actual innocence to demonstrate a miscarriage of justice. Therefore, Petitioner cannot excuse his procedural default on this basis.

## CONCLUSION

Having determined that Petitioner's habeas petition is untimely and his claim is procedurally defaulted without an excuse, the Court will recommend that Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) be denied and dismissed with prejudice.

**IT IS THEREFORE RECOMMENDED** that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED and DISMISSED WITH PREJUDICE**;

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed in forma pauperis on appeal be **DENIED** because the dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. See 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen

days within which to file a response to the objections. Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. See Rule 72, Federal Rules of Civil Procedure.

Dated this 6th day of October, 2021.

_____
Honorable Michelle H. Burns
United States Magistrate Judge